WO                                                                                                SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>Defendants. | No.  CV 20-01435-PHX-MTL (ESW)<br><br><br>**ORDER** |

On July 20, 2020, Plaintiff Alfred Eric Caraffa, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and an Application to Proceed In Forma Pauperis (Doc. 2). Pursuant to 28 U.S.C. § 1915(g), the Court will deny the Application to Proceed and dismiss the Complaint and this action without prejudice.

**I.      Recusal Pursuant to 28 U.S.C. § 455**

Plaintiff has named the undersigned as a Defendant in this action. Ordinarily, when a judge assigned to the case is named as a party, the judge would recuse himself sua sponte pursuant to 28 U.S.C. § 455, which requires a judge to recuse himself "in any proceeding in which his impartiality might be reasonably questioned" or when he is "a party to the proceeding." 28 U.S.C. § 455(a) and (b)(5)(i). However, this case is not ordinary.

When a litigant becomes unhappy with a judge's rulings in a case, a litigant might

seek to force the judge to recuse himself by filing a lawsuit against the judge. But a "'judge is not disqualified merely because a litigant sues or threatens to sue him.' Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1981) (citation omitted), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984).

"'[A] judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.'" *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)). Similarly, "[w]here a claim against the undersigned judge is so wholly frivolous that there is no jurisdiction, the assigned judge should be able to decline to recuse and proceed with dismissing the case." *Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1095 (D. Alaska 2006). *See also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 131 (D.D.C. 2007) ("recusal is not required where the claim asserted is 'wholly frivolous' or a litigant has named a judicial officer as a defendant to force him out of the case and hence obtain assignment of a judge the litigant considers more desirable." (quoting *Snegirev*, 407 F. Supp. 2d at 1095)).

The Court lacks subject-matter jurisdiction over a claim that is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). An action under 42 U.S.C. § 1983 may be dismissed as frivolous "where the defense is complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Such claims include those in which "it is clear that the defendants are immune from suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Snegirev*, 407 F. Supp. 2d at 1097 (claim precluded by judicial immunity was frivolous). Such is the case here.

Plaintiff's lawsuit against the undersigned is based on the undersigned's rulings in Plaintiff's prior cases. Judges, however, are absolutely immune from § 1983 and *Bivens* suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

Against federal judges, absolute immunity also "extends to actions for declaratory, injunctive and other equitable relief." *Mullins v. United States Bankr. Ct. for the D. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

The Court finds that Plaintiff's claims against the undersigned are precluded by judicial immunity and are frivolous. Thus, the Court declines to recuse itself.

**II.     Dismissal Pursuant to 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Three of Plaintiff's prior actions qualify as "strikes" under § 1915(g):

(1)     *Caraffa v. Maricopa County Sheriff's Department*, CV 20-00013-PHX-MTL (ESW) (Mar. 3, 2020 Order and Judgment dismissing Second Amended Complaint for failure to state a claim);

- 3 -

(2) *Caraffa v. Maricopa County Sheriff's Office*, CV 20-00227-PHX-MTL (ESW) (Mar. 30, 2020 Order and Judgment dismissing Second Amended Complaint for failure to state a claim);

(3) *Caraffa v. CHS*, CV 20-00256-PHX-MTL (ESW) (Feb. 10, 2020 Order dismissing Complaint for failure to state a claim, with leave to amend, and Apr. 13, 2020 Judgment for failure to file amended complaint).

Therefore, Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee and $50.00 administrative fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## III. Imminent Danger

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). Moreover, although a court considering a motion to proceed in forma pauperis, "should not attempt to evaluate the seriousness of a plaintiff's claims[, . . . ] it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews*, 493 F.3d at 1053. Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

The allegations in Plaintiff's Complaint relate to the undersigned's dismissal of a petition for writ of habeas corpus in *Caraffa v. Arizona*, CV 20-00587-PHX-MTL (D. Ariz. Mar. 30, 2020); the denial of release by the Maricopa County Superior Court and failure to

- 4 -

1 arraign him for at least 187 days; and denials of "legal calls" to the Federal Bureau of
2 Investigation since June 21, 2020. These allegations do not show that Plaintiff is in
3 imminent danger of serious physical injury. Therefore, the Court will deny Plaintiff's
4 Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this
5 action, without prejudice, pursuant to § 1915(g). If Plaintiff wants to reassert these claims
6 in the future, he must prepay the entire $400.00 filing and administrative fees when he files
7 his action.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **denied**.

(2) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice** pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must prepay the $400.00 filing and administrative fees when he files his action.

(3) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 23rd day of July, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge